**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 2:08-cr-00628-JMG-5 |
| | : | |
| MARVIN NEAL | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.** **November 3, 2026**

## I. OVERVIEW

Defendant Marvin Neal pled guilty to several drug-related crimes and was sentenced to a 10-year term of supervised release. Mr. Neal now seeks an early termination of his term of supervised release.

## II. BACKGROUND

Defendant Martin Neal entered into a written plea agreement in which he pled guilty to conspiracy to possess with intent to distribute five kilograms of cocaine (Count One); attempted possession with intent to distribute five kilograms or more of cocaine (Count Two); and possession with intent to distribute five kilograms or more (Count Three). ECF No. 146 at ¶ 1. Mr. Neal additionally pled guilty to money laundering in Criminal Case No. 10-685. *Id.* at ¶ 2. Sentencing was held before Judge Stengel on August 12, 2012. Judge Stengel sentenced Mr. Neal to a term of imprisonment of 240 months to be followed by a 10-year term of supervised release. Mr. Neal commenced his term of supervised release on November 29, 2024.[1]

---

[1] There is some dispute over when Mr. Neal commenced his term of supervised release. The dispute appears to arise because Mr. Neal was released from custody in October 2020. In Mr. Neal's Motion, he contends that the term of supervised release began upon this release on October

Mr. Neal seeks early termination of his term of supervised release based largely on his "exemplary conduct and successful reintegration into society." *See* Mot. for Early Termination of Supervised Release (ECF No. 243) ("Mot.") at ¶¶ 8-12. Mr. Neal contends that this includes "flawless compliance" with all conditions of his supervised release, full satisfaction of his financial penalties, and the maintenance of stable, lawful employment since his release. *Id.* Mr. Neal further seeks release due to the serious medical challenges of his daughters, at least some of whom reside outside this judicial district. *Id.* at ¶ 12. Mr. Neal argues that an early termination of his supervised release would allow him to respond more quickly to any potential medical or family emergencies without the need to receive advanced approval to leave the district. *Id.*

While Mr. Neal indicates that his supervising U.S. Probation Officer supports his motion (*see id.* at ¶ 13), the U.S. Probation Office submitted a memorandum to the Court indicating that they do not support early termination of Mr. Neal's release.

Further, the Government filed an Opposition to Defendant's Motion. *See* Gov't Opp. to Def. Mot. for Early Termination of Supervised Released (ECF No. 45) ("Gov't Opp."). The Government argues 1) Mr. Neal has waived the right to move for early termination of supervised release due to the terms of his plea agreement and 2) even if the Court does not find a waiver, early release is not warranted at this time.

15, 2020. *See* Mot. at ¶ 5. The Government contends Mr. Neal was merely released under the Bureau of Prisons home confinement program but had not yet completed commenced his term of supervised release until November 29, 2024. This position is supported by the U.S. Office of Probation ("Probation") who submitted a memorandum opposing Mr. Neal's Motion. The Court agrees with the Government and Probation that Mr. Neal's term of supervised release did not begin until November 29, 2024. Indeed Mr. Neal filed a motion for compassionate release in 2020 but the Court denied the motion on October 9, 2020. *See* ECF No. 240.

## III. LEGAL STANDARD

A court may, after considering the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). The factors the court must consider include: "(1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

Additionally, on November 1, 2025, the United States Sentencing Commission articulated several additional factors a court may consider including "any history of court-reported violations during the term of supervision, the defendant's ability to lawfully self-manage, substantial compliance with the conditions of supervision, the defendant's engagement in prosocial activities, a demonstrated reduction in risk level, and whether termination will jeopardize public safety." *United States v. Dorval*, No. 23-165, 2025 WL 3762824, at *2 (E.D. Pa. Dec. 30, 2025) (quoting U.S.S.G. § 5D1.4(b) app. n.1(b)). "[I]t is the defendant's burden to show that early termination is warranted." *United States v. Khelil-Cherfi*, No. 15-599-02, 2026 WL 2336394, at *2 (E.D. Pa. Aug. 12, 2026).

## IV. ANALYSIS

**a. Mr. Neal Did Not Waive His Right to Move for Early Termination of Supervised Release.**

As an initial matter, the Court must address the Government's argument that Mr. Neal – through his plea agreement – has waived the right to bring the instant Motion for early release. Specifically, the written plea agreement – executed by Mr. Neal and the Government – states:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence or any other matter relating to this prosecution whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

ECF No. 146 at ¶ 15.

A court will enforce a waiver in a plea agreement only if "(1) the waiver applies; (2) the waiver was knowing and voluntary; and (3) enforcing the waiver would not work a miscarriage of justice." *Khelil-Cherfi*, 2026 WL 2336394, at *2. Mr. Neal acknowledges that he entered into a written plea agreement and does not appear to dispute that the plea agreement contains this waiver at issue. *See* Mot. at ¶ 1.[2]

The Government directs the Court to *United States v. Damon* in which the Third Circuit found a defendant had waived his right to move for early termination of supervised release based on a plea agreement. 933 F.3d 269, 272-75 (3d Cir. 2019). However, as the Government acknowledges in its response, judges in this district have been seemingly divided on whether the language of the waiver provision in this case would apply to motion for early termination of

[2] The Motion references August 22, 2012 as the date Mr. Neal entered into a written plea agreement. *See* Mot. at ¶ 1. This date appears erroneous and in fact corresponds to the date Mr. Neal appeared for sentencing before Judge Stengel. *See* ECF No. 198. Mr. Neal's plea agreement is in fact dated September 24, 2010, and Mr. Neal appeared before Judge Stengel to enter his guilty plea on December 22, 2010. *See* ECF Nos. 140, 146.

supervised release. Many judges have found it does not, notwithstanding the Third Circuit's decision in *Damon*. *See Khelil-Cherfi*, 2026 WL 2336394, at *3, *5 (collecting cases). As many of those judges have discussed, the waiver considered by the court in *Damon* was far broader and included a waiver of "the right to file any appeal, any collateral attack, ***or any other writ or motion***, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255"). *Damon*, 933 F.3d 269, at *1. Missing from the waiver before this Court is the broader waiver of "any other writ of motion" related to his sentence. This missing language is key – as other courts considering similar waiver provisions have found. *See Khelil-Cherfi*, 2026 WL 2336394, at *3 ("The waiver text here includes none of the critical language on which the *Damon* Court based its decision."); *United States v. Peralta*, No. 14-652-17, 2026 WL 1878609 (E.D. Pa. June 30, 2026) ("He did not agree (unlike Mr. Damon) to waive the right to move for relief as to any aspect of his sentence.") *United States v. Mabry*, 528 F. Supp. 3d 349, 354 (E.D. Pa. 2021) ("Mabry's plea agreement is narrower [than that considered in *Damon*] and only bars appeals and collateral attacks."). As Judge Savage explained:

> This case is distinguishable. In Damon, the defendant's waiver barred "any appeal, any collateral attack, or any other writ or motion ... which challenges the sentence imposed by the sentencing court." Damon, 933 F.3d at 271. Here, Pearson's plea agreement bars only appeals and collateral attacks. It does not explicitly preclude his moving for early termination of supervised release. He waived his rights to file an appeal or a motion collaterally attacking his sentence. His present motion is not an attack upon his sentence. On the contrary, he acknowledges the validity of the sentence.

*United States v. Pearson*, No. CR 04-433, 2024 WL 1936226 (E.D. Pa. May 1, 2024).

Additionally, the Government directs the Court to a decision in which the Third Circuit considered a similar waiver to the one at issue here and found it barred a defendant's appeal from a denial of a motion for early termination of supervised release. *United States v. Oyerinde*, 784 F. App'x 111, 113-14 (3d Cir. 2019).

However, as other courts in this district have recognized, the only issue explicitly considered by the Third Circuit in *Oyerinde* was whether such a waiver barred the *appeal* before the court and "[t]he Circuit thus did not address whether at the trial court level the waiver barred the motion for early termination." *Khelil-Cherfi*, 2026 WL 2336394, at *4. The Court in *Oyerinde* did provide the following footnote where it opined on why the Government did not raise the waiver issue in district court:

> The Government's decision not to invoke the waiver before the District Court could be explained by a view that the Government decided that the best way to proceed before the District Court was to address the merits. This, however, should not preclude them from relying on the appellate waiver to bar further review.

*Oyerinde*, 784 F. App'x at 113 n. 12.

Judges in this district have interpreted the decision in *Oyerinde* differently with some finding it implies that the government could have raised the waiver issue at the district court level and others awarding the dicta little persuasive weight. *See United States v. Mogilyansky*, No. 08-711, 2026 WL 1707157, at *5 (E.D. Pa. June 12, 2026) (collecting cases). In considering the procedural posture of the case, the Court does not find that the decision in *Oyerinde* provides binding authority on the instant issue. *See id.* ("*Oyerinde* is not binding authority. It came before the Third Circuit in a different procedural posture than the instant motion.").

The Government cites two cases from this district in which judges have found similar waiver language does bar a motion for early release. *See United States v. Thompson,* No. 09-00797-1, ECF No. 46 (Apr. 29, 2021); *United States v. Wadlington,* 2022 WL 206173, at *1 (E.D. Pa. Jan. 24, 2022) (Bartle, J.). The judges in these cases considered similar language and found the defendant had waived the right to seek early termination of supervised release. However, these cases are not as persuasive as the government suggests. In *Wadlington*, the court provided little analysis, and it appears that the issue of waiver was not significantly disputed. *See Wadlington*,

2022 WL 206173, at *1 ("Defendant does not argue any of these circumstances to extricate himself from the waiver. It is clear that defendant has waived his right to seek early termination of his supervised release."). Indeed, despite finding waiver, the court still proceeded to consider the merits of the defendant's motion. *See id.* ("Even if defendant had not waived his right to seek early termination of his supervised release, he would have the burden of establishing that early termination is warranted."). In *Thompson*, the court found that a similar waiver encompassed a motion for early termination of supervised. *Thompson,* No. 09-00797-1, ECF No. 46, at 5. However, it additionally found that the split in authority and arguable ambiguity in the language of the waiver suggested that the defendant would not necessarily have understood the waiver to include a motion for early termination of supervised release. *Id.* Therefore, the Court found the waiver was not knowing and voluntary as to this particular type of motion and proceeded to consider the merits. *Id.*

In considering all the authority available, the Court agrees with reasoning set forth by Judge Savage and others in this district who have found that waiving the right to "appeal" or "collaterally attack" a sentence does not waive the right to seek early termination of supervised release.

**b. Early Termination is Not Warranted**

While the Court finds Mr. Neal has not waived his right to move for an early termination of his supervised release, this does not end the inquiry. Independent of its argument regarding waiver, the Government opposes the merits of Mr. Neal's Motion arguing that Mr. Neal has not offered a persuasive basis for altering the Court's judgment and supervision remains necessary. *See* Gov't Opp. at 9-13.

In considering the factors set forth in 18 U.S.C. § 3553(a) as well as the additional factors the Sentencing Commission has suggested a court may consider, the Court agrees with the Government that early termination is not warranted at this time.

To date, Mr. Neal has served less than two years of a ten-year term of supervised release. Mr. Neal plead guilty to a serious offense – one which this Court has previously discussed at great length in denying a previous motion for compassionate release. *See* ECF Nos. 239, 240. As we have previously noted, Mr. Neal's crimes – drug distribution/trafficking and money laundering – are exceedingly serious and have far reaching consequences for many the individuals and their loved ones who suffer from drug addiction.

While the Court commends Mr. Neal on what appears to be generally satisfactory compliance with the terms of his supervised release, the Court agrees with the Government that compliance alone does not warrant early termination. Further, despite arguing that he has maintained stable employment, the memorandum the Court has received from the U.S. Office of Probation indicates that Mr. Neal was unemployed for a period of roughly 12 months. While Probation indicates that he has since re-engaged with his employment in June 2026, this lapse is significant considering the short amount of time he has served on his term of supervised release.

The only additional reason Mr. Neal argues warrants early termination is a suggestion that he would be able to respond more quickly to his daughters' potential medical emergencies. However, he does not appear to be their primary caregiver and has not shown that he is unduly harmed by any restrictions on his travel. As he acknowledges, he is able to travel outside the district so long as he first obtains approval. *See* Mot. at ¶ 12. While the requirement to receive approval to travel outside this district is undoubtably an inconvenience for Mr. Neal, he has failed to show that it is a significant enough burden to outweigh the public benefits provided by continued supervised release. Based on the limited amount of supervised release time served, the seriousness of Mr. Neal's offense and the interests of justice, the Court finds that early termination of supervised release is not warranted at this time.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Early Termination of Supervised Release is **DENIED**. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge